# EXHIBIT A

EXHIBIT A1

Electronically Filed by Superior Court of California, County of Orange, 04/07/2022 04:28:27 PM.
30-2022-01253884-CU-MC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
Case 8:22-cv-01032-CJC-JDE Document 1-1 Filed 05/20/22 Page 2 of 7 Page ID #:9

| | |
|---|---|
| 1 | CALL & JENSEN |
| 2 | A Professional Corporation<br>John T. Egley, Bar No. 232545 |
| 3 | Samuel G. Brooks, Bar No. 272107<br>610 Newport Center Drive, Suite 700 |
| 4 | Newport Beach, CA 92660<br>Tel: (949) 717-3000 |
| 5 | Fax: (949) 717-3100<br>jegley@calljensen.com |
| 6 | sbrooks@calljensen.com |
| 7 | Attorneys for Plaintiff |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| JEFFREY YOUNG, an individual, | Case No. 30-2022-01253884-CU-MC-CJC |
| Plaintiff, | Assigned for all Purposes to: |
| vs. | Judge Linda Marks |
| REFINED TECHNOLOGIES, INC., a Delaware corporation, | **COMPLAINT FOR DECLARATORY RELIEF (CAL. CODE OF CIV. PROC. § 1060)** |
| Defendant. | |
| | Complaint Filed: April 7, 2022<br>Trial Date: None Set |

USA02-01:3296843_3:4-7-22

- 1 -

COMPLAINT FOR DECLARATORY RELIEF (CAL. CODE OF CIV. PROC. § 1060)

EXHIBIT A2

1   Plaintiff Jeffrey Young, by and through his attorneys of record, bring this action against
2   Refined Technologies, Inc., and allege as follows:

### ALLEGATIONS RE: PARTIES AND VENUE

3
4   1.   Plaintiff Jeffrey Young ("Young") is an individual residing in California who was
5   previously employed by Defendant Refined Technologies, Inc. ("Defendant") and was required to sign
6   a non-compete agreement in connection with his employment.

7   2.   Defendant is a corporation organized under the laws of Delaware, and doing business in
8   California. On information and belief, Defendant has not registered with the California Secretary of
9   State, and is not qualified to do business in California.

10  3.   Venue is proper in this county because, on information and belief, Defendant has no
11  principal place of business in any county in California, and because the contract at issue in this action
12  purports to impose obligations on Plaintiff to be performed in Orange County.

### FACTUAL ALLEGATIONS

14  4.   On information and belief, Defendant's business involves providing "Unit Cleaning and
15  Decontamination," "Heat Exchanger Management," "Mechanical," and "Gas" services.

16  5.   Defendant employed Young as an Operations Manager in California, where he resided
17  during the term of his employment.

18  6.   On or around December 10, 2021, Defendant required Young to sign a document
19  entitled "Non-Solicitation Agreement: California Employees" (the "NSA"), as a condition of his
20  continued employment. A true and correct copy of the NSA, signed by Young, is attached hereto as
21  Exhibit 1 and incorporated into this Complaint by reference.

22  7.   The NSA includes provisions that purportedly prohibit Young from engaging in certain
23  actions during the term of his employment and for two years thereafter, including restrictions on
24  soliciting Defendant's employees (NSA § 5.1), soliciting Defendant's clients (NSA § 5.2), and
25  competing with Defendant in any way (NSA § 7).

26  8.   In a transparent effort to avoid the effects of California Business & Professions Code
27  § 16600 which broadly prohibits non-competes of this type as an unlawful restriction on trade,
28  Defendant included in the NSA a provision stating that "all questions relating to its validity,

interpretation, performance, and inducement [are] to be governed by, construed, interpreted, and enforced in accordance with the substantive laws of the State of Texas, excluding Texas choice-of-law principles." (NSA § 12.2). In addition, Defendant included in the NSA a provision that purports to permit Defendant to obtain injunctive relief "from any court of competent jurisdiction" in the state of Texas, while requiring Plaintiff to submit his claims to arbitration. (NSA §§ 8.2, 12.2).

9. Defendant also attempted to contravene California Labor Code § 925(a) by inserting in the NSA a "representation and warranty" by Young that he "was individually represented by independent legal counsel in negotiating the terms of this agreement specifically to designate that both the venue and forum will be in Texas for any controversy arising from this Agreement to be adjudicated and for Texas law to apply, consistent with California Labor Code § 925(e)." (NSA § 12.2). Defendant included this provision despite circumstances which it knew or should have known would not allow for individual employees to retain and consult with knowledgeable counsel because of the time pressure it places on employees to sign the agreement, in this instance, less than twenty (20) days' turn-around time. Moreover, Defendant knew or should have known that legal counsel was not involved because Defendant did not deal with any attorney purporting to represent Young in connection with the signing of the unlawful NSA.

10. Young was not, in fact, individually represented by independent legal counsel in negotiating the venue, forum, and choice of law provisions of the NSA. Indeed, Young was not represented by legal counsel—independent or otherwise—in connection with the NSA in any respect. Nor did he have any ability to negotiate the terms of the NSA. Rather, Young understood that he was required to sign the NSA as written as a condition of his employment.

11. USA DeBusk, LLC ("USAD") recently made an offer to employ Young as a sales professional. Young's employment at USAD will not involve any disclosure or use of any confidential information or trade secrets belonging to Defendant. In fact, in extending the offer of employment, USAD expressly advised Young that it "has a very strict policy" relating to his obligations to protect Plaintiff's confidential information. USAD warned that any violation of the policy would result in serious consequences, including termination of his employment and the payment of legal fees incurred by USAD as a result of such conduct. As disclosed to Young, USAD's policy is as follows: "*If you*

*have any confidential information including in electronic form or in hard copy form that belongs to anyone other than you, you will not bring that information to our offices or use it in any way for our business.*"

12. Young accepted USAD's offer, and resigned from his employment with Plaintiff effective Thursday, April 7, 2022. Young returned to Plaintiff all documents and information belonging to Plaintiff, and turned over all of Plaintiff's computer equipment in his possession. To the best of his knowledge, Young has no discs, flash drives, hard drives, or other storage devices containing information belonging to Plaintiff. In the event he finds any such material in his possession at a future time, he will promptly return it to Plaintiff, and will not disclose or use such information in any way.

13. Young began his employment with USAD immediately following his resignation from employment with Defendant. However, because USAD and Defendant are competitors, Young and USAD require a declaration of their rights with respect to Defendant, including a declaration that the NSA is governed by California law, and that provisions of the NSA prohibiting Young from working for USAD are void and unenforceable.

14. Furthermore, on information and belief, Defendant is pursuing litigation against USAD related to the enforceability of non-compete terms in another case, so a declaration of rights is necessary to provide certainty that the non-solicitation and non-compete provisions of the NSA are unenforceable.

## CAUSE OF ACTION

### For Declaratory Relief (Cal.C.Civ.Proc. § 1060)

15. Plaintiff incorporates the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

16. As an employee of Defendant, Young primarily resided and worked in California.

17. Defendant required Young, as a condition of employment, to agree to provisions that require him to adjudicate outside of California claims arising in California. In particular, Defendant required Young to sign the NSA, which purports to require him to adjudicate claims involving his

1  employment in arbitration in Texas, while reserving to itself the right to adjudicate claims for breach
2  of the non-solicitation and non-compete obligations in court.

3        18.    Defendant also required Young, as a condition of employment, to agree to provisions
4  designed to deprive him of the substantive protection of California law with respect to controversies
5  arising in California. In particular, the NSA purports to be governed by the substantive law of Texas.
6  Texas law permits certain contracts retraining individuals from engaging in a lawful profession, trade,
7  or business, whereas California does not. *See* Cal. Bus. & Prof. C. § 16600.

8        19.    Young was not individually represented by legal counsel in negotiating the terms of the
9  NSA designating arbitration in Texas as the forum and venue for the adjudication of controversies
10 arising from his employment. Nor was he represented by legal counsel in negotiating the choice of
11 Texas law. In fact, Young had no legal representation, and no opportunity to negotiate any terms of the
12 NSA. Instead, Defendant required him to accept the NSA in its entirety as a condition of his
13 employment.

14       20.    An actual controversy exists relating to Plaintiff Young's rights and duties with respect
15 to Defendant, his former employer. In particular, Plaintiff contends the NSA is governed by California
16 law, that matters relating to the NSA must be adjudicated in California, and that sections 5, 7, 8, and
17 12.2 of the NSA are void and unenforceable pursuant to California Labor Code § 925 and California
18 Business & Professions Code § 16600. Defendant, on the other hand, contends the NSA is governed
19 by Texas law, is valid and enforceable in its entirety, and prohibits Young from (1) accepting
20 employment with USAD, and/or (2) adjudicating this matter in the Superior Court of California.

21       21.    Pursuant to Section 1060 of the California Code of Civil Procedure, Plaintiff brings this
22 original action in the superior court, and requests a declaration that sections 5, 7, 8, and 12.2 of the
23 NSA are void and unenforceable.

24       22.    Pursuant to Section 925(b) of the California Labor Code, Young also requests an order
25 declaring Section 12.2 of the NSA void, and providing for adjudication of the dispute as to Young's
26 obligations under the NSA in California, with California law governing the dispute.

27       23.    Pursuant to Section 1062.3 of the California Code of Civil Procedure, Plaintiff
28 respectfully requests that this action be set for trial at the earliest possible date, and that it take

precedence over all other cases, except older matters of the same character and matters to which special precedence may be given by law.

24. Pursuant to California Labor Code § 925(c), in addition to declaratory relief, Young will seek an award of the reasonable attorney's fees he incurred to enforce his rights under California Labor Code § 925. Young is also entitled to an award of attorneys' fees and costs as the prevailing party under Section 12.5 of the NSA.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1. For an order declaring that Sections 5, 7, 8, and 12.2 of the NSA are void and unenforceable, and that Young is not contractually prohibited from taking employment with USAD or otherwise competing with Defendant;

2. For reasonable costs and attorneys' fees, as permitted by contract and statute; and

3. For such other and further relief as the Court deems just.

Dated: April 7, 2022

CALL & JENSEN
A Professional Corporation
John T. Egley
Samuel G. Brooks


By:  /s/Samuel G. Brooks
     Samuel G. Brooks

Attorneys for Plaintiff