John T. Egley, Bar No. 232545
Samuel G. Brooks, Bar No. 272107
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
jegley@calljensen.com
sbrooks@calljensen.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY YOUNG, an individual, and USA DeBUSK, LLC, a Texas limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>REFINED TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant. | Case No.  8:22-cv-01032-CJC-JDE<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF (CAL. CODE OF CIV. PROC. § 1060)**<br><br><br>Complaint Filed: April 7, 2022<br>Trial Date: None Set |

Plaintiffs Jeffrey Young and USA DeBusk, LLC ("Plaintiffs"), by and through their attorneys of record, bring this action against Refined Technologies, Inc., and allege as follows:

## ALLEGATIONS RE: PARTIES AND VENUE

1. Plaintiff Jeffrey Young ("Young") is an individual residing in California who was previously employed by Defendant Refined Technologies, Inc. ("Defendant") and was required to sign a non-compete agreement in connection with his employment.

2. Plaintiff USA DeBusk, LLC ("USAD" or "USA DeBusk") is a limited liability company organized under the laws of Texas, with its principal place of business in Deer Park, Texas.

3. Defendant is a corporation organized under the laws of Delaware, with a principal place of business in Spring, Texas. Defendant is doing business in California.

4. Venue is proper in Orange County, California because, on information and belief, Defendant has no principal place of business in any county in California, and because the contract at issue in this action purports to impose obligations on Plaintiff Young to be performed in Orange County.

## FACTUAL ALLEGATIONS

5. On information and belief, Defendant's business involves providing "Unit Cleaning and Decontamination," "Heat Exchanger Management," "Mechanical," and "Gas" services.

6. Defendant employed Young as an Operations Manager in California, where he resided during the term of his employment.

7. On or around December 10, 2021, Defendant required Young to sign a document entitled "Non-Solicitation Agreement: California Employees" (the "NSA"), as a condition of his continued employment. A true and correct copy of the NSA, signed by Young, is attached hereto as Exhibit 1 and incorporated into this Complaint by reference.

8. The NSA includes provisions that purportedly prohibit Young from engaging in certain actions during the term of his employment and for two years thereafter, including restrictions on soliciting Defendant's employees (NSA § 5.1),

soliciting Defendant's clients (NSA § 5.2), and competing with Defendant in any way (NSA § 7).

9.  In a transparent effort to avoid the effects of California Business & Professions Code § 16600 which broadly prohibits non-competes of this type as an unlawful restriction on trade, Defendant included in the NSA a provision stating that "all questions relating to its validity, interpretation, performance, and inducement [are] to be governed by, construed, interpreted, and enforced in accordance with the substantive laws of the State of Texas, excluding Texas choice-of-law principles." (NSA § 12.2). In addition, Defendant included in the NSA a provision that purports to permit Defendant to obtain injunctive relief "from any court of competent jurisdiction" in the state of Texas, while requiring Plaintiff to submit his claims to arbitration. (NSA §§ 8.2, 12.2).

10. Defendant also attempted to contravene California Labor Code § 925(a) by inserting in the NSA a "representation and warranty" by Young that he "was individually represented by independent legal counsel in negotiating the terms of this agreement specifically to designate that both the venue and forum will be in Texas for any controversy arising from this Agreement to be adjudicated and for Texas law to apply, consistent with California Labor Code § 925(e)." (NSA § 12.2). Defendant included this provision despite circumstances which it knew or should have known would not allow for individual employees to retain and consult with knowledgeable counsel because of the time pressure it places on employees to sign the agreement, in this instance, less than twenty (20) days' turn-around time. Moreover, Defendant knew or should have known that legal counsel was not involved because Defendant did not deal with any attorney purporting to represent Young in connection with the signing of the unlawful NSA.

11. Young was not, in fact, individually represented by independent legal counsel in negotiating the venue, forum, and choice of law provisions of the NSA. Indeed, Young was not represented by legal counsel—independent or otherwise—in

connection with the NSA in any respect. Nor did he have any ability to negotiate the terms of the NSA. Rather, Young understood that he was required to sign the NSA as written as a condition of his employment.

12. USAD recently hired Young as a sales professional. Young's employment at USAD will not involve any disclosure or use of any confidential information or trade secrets belonging to Defendant. In fact, in extending the offer of employment, USAD expressly advised Young that it "has a <u>very strict</u> policy" relating to his obligations to protect Plaintiff's confidential information. USAD warned that any violation of the policy would result in serious consequences, including termination of his employment and the payment of legal fees incurred by USAD as a result of such conduct. As disclosed to Young, USAD's policy is as follows: "*If you have any confidential information including in electronic form or in hard copy form that belongs to anyone other than you, you will not bring that information to our offices or use it in any way for our business.*"

13. Young accepted USAD's offer, and resigned from his employment with Defendant effective Thursday, April 7, 2022. Young returned to Defendant all documents and information belonging to Defendant, and turned over all of Defendant's computer equipment in his possession. To the best of his knowledge, Young has no discs, flash drives, hard drives, or other storage devices containing information belonging to Defendant. In the event he finds any such material in his possession at a future time, he will promptly return it to Defendant, and will not disclose or use such information in any way.

14. Young began his employment with USAD immediately following his resignation from employment with Defendant. However, because USAD and Defendant are competitors, Young requires a declaration of his rights with respect to Defendant, including a declaration that the NSA is governed by California law, and that provisions of the NSA prohibiting Young from working for USAD are void and unenforceable.

15. Furthermore, USAD requires a declaration that it did not tortiously interfere with Defendant's contractual relationship by recruiting Young. Defendant is pursuing litigation against USAD related to the enforceability of non-compete terms in another case, so a declaration of rights is necessary to provide certainty that the non-solicitation and non-compete provisions of the NSA are unenforceable.

## CAUSE OF ACTION

### For Declaratory Relief (Cal.C.Civ.Proc. § 1060)

16. Plaintiff incorporates the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

17. As an employee of Defendant, Young primarily resided and worked in California.

18. Defendant required Young, as a condition of employment, to agree to provisions that require him to adjudicate outside of California claims arising in California. In particular, Defendant required Young to sign the NSA, which purports to require him to adjudicate claims involving his employment in arbitration in Texas, while reserving to itself the right to adjudicate claims for breach of the non-solicitation and non-compete obligations in court.

19. Defendant also required Young, as a condition of employment, to agree to provisions designed to deprive him of the substantive protection of California law with respect to controversies arising in California. In particular, the NSA purports to be governed by the substantive law of Texas. Texas law permits certain contracts restraining individuals from engaging in a lawful profession, trade, or business, whereas California does not. *See* Cal. Bus. & Prof. C. § 16600.

20. Young was not individually represented by legal counsel in negotiating the terms of the NSA designating arbitration in Texas as the forum and venue for the adjudication of controversies arising from his employment. Nor was he represented by legal counsel in negotiating the choice of Texas law. In fact, Young had no legal representation, and no opportunity to negotiate any terms of the NSA. Instead,

Defendant required him to accept the NSA in its entirety as a condition of his employment.

21.   An actual controversy exists relating to Plaintiff Young's rights and duties with respect to his former employer. An actual controversy also exists relating to Plaintiff USAD's rights and duties with respect to a competitor. In particular, Plaintiffs contend the NSA is governed by California law, that matters relating to the NSA must be adjudicated in California, and that sections 5, 7, 8, and 12.2 of the NSA are void and unenforceable pursuant to California Labor Code § 925 and California Business & Professions Code § 16600. Defendant, on the other hand, contends the NSA is governed by Texas law, and is valid and enforceable in its entirety. Defendant contends that Young is contractually prohibited from accepting employment with USAD, and that USAD may not recruit Young as an employee by virtue of the contract. Defendant also contends the contract requires this matter to be adjudicated in Texas.

22.   Plaintiff Young originally brought this action in California Superior Court pursuant to Section 1060 of the California Code of Civil Procedure, and requested a declaration that sections 5, 7, 8, and 12.2 of the NSA are void and unenforceable. Defendant removed the action to the District Court for the Central District of California. Young amended the Complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure, and USAD joined as a plaintiff pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. Because USAD and Defendant are both citizens of Texas, the District Court lacks subject matter jurisdiction, and this action must be remanded to the Superior Court of California.

23.   Pursuant to Section 925(b) of the California Labor Code, Plaintiffs also request an order declaring Section 12.2 of the NSA void, and providing for adjudication of the dispute as to Young's obligations under the NSA in California, with California law governing the dispute.

24.   Pursuant to Section 1062.3 of the California Code of Civil Procedure, Plaintiffs respectfully request that this action be set for trial at the earliest possible date,

and that it take precedence over all other cases, except older matters of the same character and matters to which special precedence may be given by law.

25.     Pursuant to California Labor Code § 925(c), in addition to declaratory relief, Young will seek an award of the reasonable attorney's fees he incurred to enforce his rights under California Labor Code § 925. Young is also entitled to an award of attorneys' fees and costs as the prevailing party under Section 12.5 of the NSA.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

1. For an order declaring that Sections 5, 7, 8, and 12.2 of the NSA are void and unenforceable, and that Young is not contractually prohibited from taking employment with USAD or otherwise competing with Defendant;

2. For an order declaring that USAD did not interfere with Defendant's contractual relations;

3. For reasonable costs and attorneys' fees, as permitted by contract and statute; and

4. For such other and further relief as the Court deems just.

Dated:  June 2, 2022

CALL & JENSEN
A Professional Corporation
Samuel G. Brooks
John T. Egley


By: _/s/Samuel G. Brooks_
     Samuel G. Brooks

Attorneys for Plaintiffs