**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 22-01032-CJC(JDEx)            Date:  June 2, 2022

Title: <u>JEFFREY YOUNG, *ET AL*. V. REFINED TECHNOLOGIES, INC.</u>

PRESENT:

<u>**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**</u>

<u>Rolls Royce Paschal</u>                <u>N/A</u>
  Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED**

     On April 7, 2022, Plaintiff Jeffrey Young filed this declaratory relief action against Defendant Refined Technologies, Inc. in state court, seeking a declaration that certain provisions in an agreement he signed when he was employed by Defendant are unenforceable.  (Dkt. 1-1 [Original Complaint].)  Defendant removed the case to this Court on May 20, 2022, invoking the Court's diversity jurisdiction.  (Dkt. 1 [Notice of Removal].)  Defendant explained that it is a Delaware Corporation with its principal place of business in Texas, and Plaintiff is a California resident.  (*Id*.)  On May 27, 2022, Defendant filed motion to transfer venue or compel arbitration.  (Dkt. 10 [Motion].)

     A few days later, on June 2, 2022, Plaintiff filed an amended complaint adding as co-plaintiff USA DeBusk, LLC ("USAD").  (Dkt. 15 [First Amended Complaint].)  USAD recently hired Plaintiff, but certain provisions of Plaintiff's agreement with Defendant (those which he seeks to void) seem to affect Plaintiff's employment with USAD.  (*Id*.)  Like Defendant, USAD's principal place of business is in Texas.  (*Id*.)

\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 22-01032-CJC(JDEx)                  Date: June 2, 2022
                                                                                                   Page 2

       Plaintiff had a right to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). At least when it comes to the post-removal joinder of non-diverse defendants, the Court has discretion to deny such joinder or permit it and remand the case to state court. 42 U.S.C. 1447(e). On the Court's review, however, the case law regarding post-removal joinder of non-diverse plaintiffs is quite scant. At least one court has indicated that it is more or less a given that remand is appropriate upon the post-removal addition of a non-diverse plaintiff. *See Ceesay v. Bronx Park Phase III Pres. LLC*, 2022 WL 493525, at *1 (S.D.N.Y. Feb. 17, 2022). The Court **ORDERS** Defendant to show cause why this case should not be remanded or file a statement of non-opposition to remand by **June 8, 2022**. Plaintiffs may respond by **June 15, 2022**. Neither parties' response shall exceed ten pages of substantive text. The Court will hear this issue on **June 27, 2022**, the same date scheduled for Defendant's motion to transfer or compel arbitration.

MINUTES FORM 11
CIVIL-GEN                                                                                               Initials of Deputy Clerk RRP